IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                             CRIMINAL NO. 2:11-CR-15-KS-MTP

MICHAEL GREENWOOD

### ORDER

On August 26, 2011, Defendant pleaded guilty to possession of 50 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On November 10, 2011, the Court sentenced him to 188 months of imprisonment followed by 5 years of supervised release. On September 4, 2020, Defendant filed a Motion for Compassionate Release [71] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, although he is not due to be released until December 2024.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in

18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious function or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C).

Defendant is currently incarcerated at the federal prison camp at FCI El Reno. He alleges that, at the time he filed his motion, there were no inmate cases of COVID-19, and only seven staff cases. Defendant contends that he is at increased risk of

2

serious illness or death from COVID-19 because of his age and health conditions. Defendant is 66 years old, and in February 2020, he was diagnosed with prostate cancer. In July 2020, he had cryosurgery to treat the prostate cancer. He provided no details concerning the outcome of the surgery or his current diagnosis. Defendant argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility. Indeed, he argues that there is no way to make a correctional facility safe, and that he should be immediately released to home confinement. Finally, Defendant argues that he would not be a danger to the safety of any other person or the community if released.

Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3.

Although Defendant was diagnosed with cancer, he is receiving treatment – at the Government's expense. It remains to be seen whether he would enjoy the same treatment options if released. Moreover, all cancers are not the same, and Defendant has not provided the Court with any information about his prognosis. Given the fact that Defendant has received treatment, and his failure to provide the Court with any information regarding his current prognosis and state of health, the Court finds that Defendant has not carried his burden of demonstrating that there is an "extraordinary and compelling" reason to reduce his term of imprisonment, or that he suffers from a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Regardless, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Additionally, Defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its

4

extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

The Court also finds that Defendant has not demonstrated that he would not be a danger to the safety of any other person or the community if released. An informant told agents that Defendant was her supplier, and that he only dealt in large quantities of methamphetamine, which he transported to Mississippi from Texas and California. He has a lengthy criminal history, including multiple prior drug trafficking convictions.

The Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). As noted above, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. Defendant still has four years left in his sentence. The BOP's response to the pandemic, outlined in detail in the Government's brief, is sufficient, given the circumstances and logistical issues presented by a prison environment. The Court is not convinced that Defendant's health issues merits release, in that he has conspicuously failed to provide any information about his current health condition or prognosis. For all the reasons provided above, the Court **denies** Defendant's Motion

for Compassionate Release [71].[1]

SO ORDERED AND ADJUDGED this 1st day of December, 2020.

                                                /s/     Keith Starrett
                                                     KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE

---

[1] *See e.g. United States v. Brown*, 2020 WL 6833778 (5th Cir. Nov. 20, 2020); *United States v. Jackson*, 2020 WL 6702129 (5th Cir. Nov. 13, 2020); *United States v. Rivas*, 2020 WL 6437288 (5th Cir. Nov. 2, 2020).